appellate. Mr. Kramer for the appellate. Mr. Lannis for the appellate. Good morning, your honors. May it please the court. Twenty-five years ago, the federal rules of criminal procedure were amended to make the sentencing recommendation subject to disclosure to the parties in the case. For that 25 years, the government, the U.S. Attorney's Office in this district has supported the disclosure. And for that 25 years, the district courts in this district, with one exception, have acted as if that amendment never was made and never existed. The report, the sentencing recommendation. The rule did not make it mandatory. The rule did not make it mandatory. It made it permissive for the district court either by local rule, which doesn't apply in this case, or by order in a specific case not to disclose it. But the problem is, in this district, the probation office will not disclose the report absent a specific order authorizing disclosure, which has the rule exactly backwards. The rule is subject, the recommendation is subject to disclosure. Does this make any difference in this case? You made a point in your brief that you had to move to get it, but there's lots of things you're entitled to in the law that you have to move to get it. That doesn't really mean anything, does it? It does in the sense of the rule says it's subject to disclosure. A request is made to the probation office for disclosure, and it's refused. And that's just contrary to the rule. So you think the rule is that they automatically disclose it without telling the judge that they're going to disclose it? No, they could – there's many ways it could be done. They could say to the judge, the report is ready. Is there a reason in this case why you do not want it disclosed? I think that's the procedure the rule envisioned when it was enacted. It's not for you to think that. Pardon me? It's not for you to think that, but the rule doesn't say that. Well, the rule says that by local rule, the court may direct the probation officer not to disclose the report. Otherwise, in the – Read the rest of it. Pardon me? Read the rest of it. To anyone other than the court, the officer's recommendation on the sentence. By local rule or by order in a case, the court – By order in a case. Right, but – But when you – once you made your motion, and the judge said what he did on the record, was that not the equivalent of an order? Well, it was an order, but they shouldn't – there never should have to be a motion. I understand why this – why you would emphasize this part of your argument. Right. It seems like the absolute weakest part, and sort of irrelevant, because every defense attorney can simply make a motion in every case. It doesn't cost anything. That's just printed out of the computer. The real question here is, what happens after you file the motion? No, well, I think it's – I think I'm correct in that argument, but I understand what you're saying. And so I'll move on to the discretion part, which is clear that the district court said the word always, I believe, four times. And said, I always deny these motions. I always refuse to give it. And that's contrary to this court's case law in Bryan and Queen. They were not dealing with the recommendation. Bryan and Queen were not, were they? No, they were dealing with different sections of Rule 32. But the same thing, the same sense that was – they were – the recommendation is supposed to be disclosed unless there's a court order. In those cases, it was permissive – disclosure was permissive, period. And they – in those cases, they – two judges, two different judges said, no, I never disclose it. I'm not going to disclose it. The exact same thing the court said here. And so under Bryan and Queen and the other cases I've cited, clearly that was an abuse of discretion. There was no discretion. But in this case, with respect to the recommendation, the rule provides that the court could, by rule, never disclose them, right? It's – I think it's unclear how far that rule can go, but in any event, there isn't a local – there is not a local rule in this case. It's a local rule, but if there were a local rule, you wouldn't have a requirement for a statement of reasons in the rule. It doesn't say that in the criminal rule. That is true. Yeah. That is true. But there is – So why can you say that it is clear that there has to be a statement of reasons, as it were, in the case of an order that stopped disclosure in the Sticker case? Well, I think it's – I think it's really indistinguishable from Bryan and Queen where, in those cases, disclosure was – in this case, prohibition of disclosure is the permissive part. In those cases, disclosure itself was permissive, and yet the judge said essentially the exact same thing, which is I never released the report, in those cases, the pre-sentence report. I never released that. And this court said that's not discretion. And that's just a blanket refusal to release it. And so – and the court could pass a local rule like you talked about, Judge Sintel, but they haven't for whatever reason. In Jettison District, say Wyoming, and this is a national criminal rule, Wyoming has three judges. If two of them decided we should not disclose these anymore, they could adopt the rule and none of them would be disclosed without giving a reason. But if they didn't coalesce in two, each one of them individually could not – there's a third judge there. He could not exercise his discretion to not disclose in any case.  I'm not sure. There were a lot of negatives, so I'm not sure where I'm at on the answer. Why is there any difference in the sense of the rule as to whether there has to be a disclosure of reasons if it's done by rule or done by order? Well, for whatever reason, the notes to the rule say under the new provision, the court has the discretion in an individual case or in accordance with a local rule. So they seem to say there's discretion even with a local rule to direct the probation office to withhold the recommendation. Otherwise, the recommendation is subject to disclosure. So I think a local rule obviously has to be voted on by the court. And if the court adopts it, I guess it's an internal matter for the court to decide whether judges need to comply with that or not. And I don't see why a judge couldn't exercise their discretion even with a local rule to disclose it. But since there is no local rule here, we're in the opposite position, so to speak, where it's supposed to be disclosed. It violates the rule not to do that. But in any event, and I understand you think that's the weaker argument, the judge in this case didn't exercise discretion at all. As a matter of fact, the reasons he gave had nothing to do with Mr. McElwain's case. The reasons were essentially that he treated the probation office as part of Chambers for that, for the purpose of the recommendation. And he no more was willing to disclose that that part of Chambers' advice than he would have been if he'd been a law clerk. Right. And that's, those have been, that reasoning has been discredited on two fronts. First of all, by the probation office itself, which in 2017 wrote a letter to the court, to the district court, and said, we support disclosure and there is no evidence that the chief probation officer said that he had worked in the district and I can offer no evidence to support the position that probation officer safety. That was the other reason the district court gave in this case. That it compromised the candor of the, and also the, to disclose the recommendation of the probation officer. The other thing, in 1974, the reason they held that the sentencing recommendation, the advisory committee said the sentencing recommendation should not be disclosed, was again because of probation officer being, so to speak, an arm of the court and the confidentiality. And 20 years later, in 1994, they rejected that reasoning and said that it should be disclosed. So I would say that, first of all, the district court exercised no discretion. He said the word always at least four times, I think. Second of all, the reasoning he relied upon has been discredited both by the advisory committee on the federal rules of criminal procedure and by the probation office itself and by the U.S. attorney's office, in a sense, who has for 25 years said that they think it should be disclosed also. So just to be clear, you think that if the court adopted a local rule that said we'll never disclose it, that would be not okay? I think there could be arguments made. Could be arguments made? Yes. Well. It's a certain kind of phrase. Since it's not. I guess I was reading this rule as giving two choices. You could have a flat local rule. Right. Or you could exercise discretion about things that matter in an individual case. So if that's a correct reading, that would suggest that a local rule, you could just have a flat order. Do you disagree with that? The only reason I hesitate is because in the notes, when they adopted this rule, it says, under the new provision, the court has the discretion, and then it goes in parentheses, in an individual case or in accordance with a local rule. Right. To direct the probation office to withhold it. So it seems to say they have the discretion, even if there was a local rule. Yeah. I'm not. I'm not. Maybe I didn't phrase it right. I understand what you're saying. But if there were a flat rule, a local rule that says, in every case you may decline, then maybe it would be the discretion of the district court whether or not to do it. But the district court could say, I'm always going to not do it. I know there's double nots here. In other words, if the local court issues a rule that says, we authorize our judges always to not disclose, then the district court could follow that rule. If the local rule was the district court cannot exercise discretion. No. The local rule was, in this district, district courts may always decline to disclose recommendations. I'm going to use may. If the local rule was the district court and the district court could say, I'm going to exercise my discretion to follow the local rule and always decline, then the district court, for example, this district court, this district judge could say, well, I'm going to exercise my discretion to follow the local rule and always decline. Do you agree with that? It could raise due process problems. And I recognize due process has been rejected. I'm only interested in textual reading. Under the text. I'm sorry. Under the text. I have to say that it's not 100% clear to me that's correct because of the by local rule may direct the probation officer. It says by local rule or by order in a case. I guess there could be a local rule saying that I think your Honor's question is saying that it should not be disclosed in any case. By local rule may direct the district court. It's not by local rule in a case. Okay. Now you're pushing me to even press further against your theory. But the text of the actual. That was a bad answer on my part. Yeah. The text of the actual rule as compared to the notes is by local rule or by order in a case. You agree by order in a case is one phrase. That is. Yes. Okay. So by local rule may direct the probation office not to disclose to anyone. That is the way it's worded. It seems inconsistent with the notes. And the reason. The rule and the notes are inconsistent. Well, the text. You can't say the notes override the rule. The text wins. I understand that. But in this case, it doesn't matter in the sense that there is. Right. I'm only raising this because you are arguing that the rule totally rejects the policy theory that the district court adopted here. That is using the probation office as part of your chambers. And it's not clear to me that it totally rejects this. It just doesn't adopt that as a policy. And it requires either a local rule to adopt that policy. Or it requires a district judge to make a decision about why the policy matters in a particular case and not across the board. That would get you a win in this case. I don't know what it will get you in the next case. Well, as long as there's no local rule, I mean. Yeah. Well, if there's a local rule, then I guess we'll have to consider that. I mean, back in 1974, I'm 94. The district court said it was considering a local rule. And for 25 years, it hasn't done that for whatever reason, possibly because the government objects and believes that it should be disclosed to. I'm not sure why. Obviously, I have no idea. But maybe it's because some judges favor it and some don't. That would be the simplest explanation. No, it could be they don't have a. I mean, one judge discloses it in every case. Other judges disclose it when there's a motion in every case. And some disclose it. But I think in the 1974 amendments, disclosure would seriously compromise confidentiality, create risk. That's why they had the recommendation not subject to disclosure. But 20 years later, they changed that recommendation 180 degrees. So I think they've rejected the advisory committee, rejected that reasoning. So even if you're right in this case, what's your response to the government's argument that the error here was harmless? So as I point out, the when the district court explained why he found no basis for downward departure, he only relied on facts, factors that were listed in the PSR that you had. So what's the argument for it not being harmless? So in Bryant, this court said at page 778, it is difficult to see how it can be known whether a court has relied upon misinformation unless the information is disclosed to the defendant or his counsel. I think what you have here is who knows what was in that recommendation, what it said about various things, and why the district judge went to the rejected the arguments, whether there was anything in there about those arguments or not. So I would just go upon what this court said in Bryant, which is how do you know that if it hasn't been disclosed to the defendant? So in the Brown case, the court said the judge never actually exercised his discretion on the pre-sentence report disclosure. We remain for reconsideration and resentencing. So I think when there's been a complete denial of information to a defendant, courts have remanded it for resentencing because they say, how can the defendant possibly show that? I just mentioned we don't have a timer. So, Mr. Kramer, we're not going to listen to anything you said in the last ten hours. It's not stricken, I hope. Okay. But nobody will know whether we relied on it. Okay. Okay, now it's working. Good morning. We're going to be really strict about you. It's fine with me, Your Honor. Good morning, and may I please support Dan Lenners for the United States. We broadly agree with much of what the defendant has asserted here. We agree that it's good policy for judges to disclose the probation officer's recommended sentences. We agree that the district court as a whole applies the wrong presumption. The default rule should be one of disclosure that can only be overcome in the absence of a local rule by order in a specific case. And we agree, Judge Sentell, that the district court's order in this case is reviewed for an abuse of discretion. The federal rules make it clear that it's a discretionary decision, and the case law evaluating these sort of decisions have applied an abuse of discretion standard. Where we disagree is whether. Can I just add another question about areas where at least I thought you agreed from reading your brief, and that is that our case law, cases like Dockery, Queen, Bryant, that these cases that I read your brief as accepting the idea that a district court that does this himself has to at least give a case-specific reason for doing so. Correct? That's right, Your Honor. But you think that's happened here? Correct. Right. In other words, you agree that a district court could not have a blanket policy that the district judge applies in all cases flat out, no disclosure. Correct. For example, if the district court had a standing order prohibiting the disclosure of the sentencing recommendation in any case, irregardless of circumstances. How about the issuance of the identical order in every case? Not a standing order, but an issue, an order in every case which says, you know, I have a policy against disclosure, period. I think under Queen, that would be inappropriate. Okay. So your case then turns on your argument that the district court here actually did give a case-specific reason, right? Yes, Your Honor. Okay. And I understand it's a case-specific reason that would apply in all cases. But the district court recognized discretion in this case. He said that you know, I think you and I just didn't make any progress. It could be a case-specific reason that applies in every case. So district court says it enters the same order in every case. And the reason he gives is he thinks that this is necessary to protect the relationship between the candor of the probation office. Is that okay? I think that the district court needs to recognize that he has case-specific discretion, which the district court did here. He said he understands that it's a discretionary decision that goes to each judge. Yeah. And the district court said that although disclosure in any particular case may not be problematic, it would be repeat disclosure that would undermine his relationship with the probation office, and thus he was declining to do it here. I understand that's very close to the line of a standing order, but our office is defending the district court judge's reasoning. Sure. I understand. On the grounds that even though we did not oppose the defendant's motion for disclosure, that we think the district court adequately recognized he had discretion and exercised it here. He didn't point to anything particular about McIlwain's case that made it different from other cases. But if he were required to do that, that would effectively prevent him from relying on the policy rationale that he adopted, which is that disclosure in some cases, even if not in all, would undermine his relationship. And, Judge Garland, I don't think the rules prohibit reliance on that policy rationale by a particular district court or by the district court as a whole if it found as a whole that disclosure would undermine his relationship. I understand the argument about the latter. I appreciate your effort to defend the district court, but I don't understand the argument about the former. That is, I don't understand how somebody exercises discretion in an individual case when they say, my policy is that in every case I will not allow the information to be turned over. I guess the way I'm defending the district court is by saying he recognized that that policy also applies to this particular case. But it applies to every case. It doesn't just also apply to this case. He can't imagine a case in which it doesn't apply. So it's an across-the-board case without any discretion applied in an individual case other than to say I'm applying my policy here. I don't have a lot more to say on this issue, Your Honor. Well, do you think one way to read the rule might be that – and I understand your argument. But one way to read the rule would be that if there's going to be an overall policy, that has to be adopted by the district court itself, whereas case-specific reasons can be done by each district judge. So in other words, under the rule, the district judge doesn't have the authority to have a – as sound as it might be or unsound, doesn't have the authority to have a blanket policy at all. What do you think of that? I suppose that's one way to read the rule, Your Honor. It's the first time I've thought about that, so I don't have an answer as to whether it's the best way to read the rule. Well, it's actually the only way that makes sense, isn't it? It says – well, I'll never say it's the only way that makes sense. We can't say that. But it says – it says by local rule – I mean, you wouldn't need the rule. You wouldn't need this at all if there wasn't some difference between what the district court as a court was authorized to do as compared to what individual judges could do. Your view basically is it doesn't make any difference. Your view is that – I think this is right – is that any blanket order that the district court as a group decides to issue or not to be issued could also be done by an individual district judge, right? I think that's effectively – Yeah, that's your position. Yes. Okay. All right. In any event, even if the district court did abuse its discretion in this case, that error was harmless. What about Mr. Kramer's argument that, you know, how can that be if the defendant can't see what the district court relied on? It can be because when you look at the judge's reasons, the judge was very clear in saying that this defendant simply cannot and does not qualify for a time-served sentence based on his criminal history and his failure to abide by conditions of release previously, which were two issues that – the only two issues that were contested at the sentencing hearing. So there was no indication given by the district court that he was relying on anything other – The district judge said here these recommendations are important to him. He did say that. He did say that, Your Honor, although in the context of this case where the party's disagreement was between a bottom-of-the-guidelines sentence of eight months and a time-served sentence of four months, it's sort of hard to imagine that the probation officer's recommendation played any effect in the judge's decision on that very narrow disagreement, particularly when he focused on the fact of the defendant's extensive criminal history and his failure to abide by conditions of release to say that a defendant who has just pleaded guilty to not going to a halfway house when he was ordered to do so was not entitled to a time-served sentence. That's a good argument for why it's a reasonable sentence. But that remains the question of whether he was influenced. I thought there were some examples in previous correspondence between the U.S. Attorney's Office, I think, and the Federal Public Defender of examples where the recommendation had wrong facts, which would not have been known except for the judge disclosed the facts. So we just don't know, I take it, whether there are things said in the recommendation that are different from ones in the PSR or highlight things or that are subjective, right? There's no way to know that. Your Honor, it's true that there's no way to know what was in the recommendation. I think the examples that Mr. Kramer put in his letter actually support a finding of harmlessness here because in those instances, the district courts made clear that they were relying on or had knowledge of these erroneous facts, whereas here, taking the district court at its word, it was relying on the defendant's criminal history and his failure to abide by conditions of release, which were in the PSR, which were contested by the parties. The district court said nothing, indicating that he was relying on anything outside of that. The district court didn't say, I'm not relying on this recommendation. That's correct, Your Honor. Thank you. Any rebuttal? You're already way over time. We have no idea how much time we have. Thank you. So I will just say a couple of things. Those two examples given in the letters, those were reports that were disclosed, so there's no way to know how many other examples there might be. In one of those, there was a fact in the recommendation that that wasn't disclosed and both parties recognized that it was wrong, and it was a crucial fact and called it to the attention of the district court. In the other one, the district court actually mentioned something during the sentencing that the parties realized, wait a minute, where did that come from? And the district court eventually disclosed the recommendation, and that's where it had come from. The other thing I wanted to say is not only did the district court, in this case, not give any reasons why disclosure in this individual case would harm the relationship or would be in accordance with discretion or with the rule, he said the exact opposite. He said there's really no reason not to disclose it in this case other than there would be a cumulative effect if I disclosed it. So he not only didn't point to any case-specific reasons. He said there are no case-specific reasons. It's a cumulative matter. And the last thing I wanted to say is there is, in essence, a standing order here because the probation office will not disclose the report upon request. It will only do that if there's a court order, and the only way to get that, of course, is with the exception of one judge who has it disclosed in every case is to file a motion, and as I said, that has to rule backwards. Thank you very much. Roberts. All right. We'll take the matter under submission. Thank you very much.
judges: Garland, Tatel, Sentelle